%JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| THE AMERICAN LAW INSTITUTE | AMERICAN INSTITUTE OF LAW, INC. |

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                              and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS  Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1  Original
Proceeding

☐ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
another district
(specify)

☐ 6  Multidistrict
Litigation

☐ 7  Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. 114, 1125
Brief description of cause.
Trademark Infringement, Dilution, Unfair Competition, Anti-Cybersquatting, Unjust Enrichment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE                                         DOCKET NUMBER

DATE   5/11/2011                     SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT                 APPLYING IFP              JUDGE                    MAG. JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| THE AMERICAN LAW INSTITUTE, | Civil Action No. __-_____-___ |
| Plaintiff, | |
| v. | |
| AMERICAN INSTITUTE OF LAW, INC. | |
| Defendant. | |

Plaintiff The American Law Institute, ("Plaintiff" or "ALI"), by its undersigned attorneys for its causes of action against Defendant American Institute of Law ("Defendant"), alleges as follows:

## JURISDICTION AND VENUE

1.      This is an action arising under Sections 32 and 43 of the Trademark Act of 1946, as amended, commonly known as the Lanham Act, 15 U.S.C. §§ 1114, 1125, and under the laws of the Commonwealth of Pennsylvania, for trademark infringement, trademark dilution, unfair competition, domain name infringement and unjust enrichment.  Plaintiff seeks injunctive relief and monetary damages.

## PARTIES, JURISDICTION, AND VENUE

2.      Plaintiff, The American Law Institute, is a 501(c)(3) nonprofit organization incorporated in the District of Columbia and having a principal place of business at 4025 Chestnut Street, Philadelphia, Pennsylvania 19104.

3.      Upon information and belief, Defendant, American Institute of Law, Inc., is a corporation organized under the laws of the State of California, having its principal place of

business at 16491 Scientific Way, Irvine, California 92618, and doing business within this district.

4.     This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §§ 1121, 1125 and 28 U.S.C. §§ 1331, 1332, 1338 and 1367 because it involves substantial claims arising under the Lanham Act (15 U.S.C. § 1051 *et seq.*).

5.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

6.     Upon information and belief, the acts of Defendant, of which complaint is herein made, have been and continue to be committed by Defendant in interstate commerce.

**7.**     Upon information and belief, Defendant has done business in and has carried on a continuous and systematic part of its general business within the Commonwealth of Pennsylvania and is subject to the jurisdiction of this Court under the Pennsylvania long-arm statute, 42 Pa.C.S.A. 5301 and 5303.

## OPERATIVE FACTS

8.     Plaintiff, at all times mentioned herein and for many years, has been, and is now, in the business of producing scholarly work to clarify, modernize and otherwise improve the law. Plaintiff and its members draft, discuss, revise and publish Restatements of the Law, model statutes, and principles of law that are enormously influential in the courts and legislatures, as well as in legal scholarship and education.

9.     Plaintiff's goods and services are sold and otherwise distributed in interstate commerce in the United States.

10.     Since at least as early as 1923, Plaintiff has been using its trademark, AMERICAN LAW INSTITUTE, to indicate membership in an association of lawyers, and since 1926 in connection with conducting conferences, workshops and programs in the field of law and publishing books on legal topics.

- 2 -

11. As a result of Plaintiff's long use of its trademark AMERICAN LAW

INSTITUTE, and owing to its established reputation for its services, Plaintiff has gained an

extremely large and loyal following of customers, consisting of judges, lawyers, and legal

scholars, among others.

12. Plaintiff is the owner of the following U.S. trademark registrations which include

"American Law Institute" or its abbreviation, "A.L.I." (collectively the "AMERICAN LAW

INSTITUTE marks").

| Exhibit Number | Trademark | Registration No. | Goods/Services |
|---|---|---|---|
| A | AMERICAN LAW INSTITUTE | 1,211,053 | **(Int. Cl. 16)** Series Of Books On Legal Topics **(Int. Cl. 41)** Conducting Conferences, Workshops And Programs In The Field Of Law |
| B | AMERICAN LAW INSTITUTE | 1,273,451 | **(Int. Cl. 200)** To Indicate Membership In An Association Of Lawyers |
| C | ALI | 1,189,267 | **(Int. Cl. 16)** Publications-Namely, Magazines And Annual Reports In The Legal Field **(Int. Cl. 41)** Educational Services-Namely, Conducting Courses Of Study, Seminars And Conferences In The Legal Field |
| D | THE ALI-ABA VIDEO LAW REVIEW | 1,219,442 | **(Int. Cl. 41)** Educational Services-Namely, Conducting Classes In Continuing Legal Education |
| E |  A.L.I. & Design | 1,180,131 | **(Int. Cl. 16)** Series Of Books Concerning Legal Topics |

| F |   AMERICAN LAW INSTITUTE ALI & Design | 1,204,132 | (**Int. Cl. 200**) To Indicate Membership By Lawyers In A Professional Society |
|---|---|---|---|
| G |   ALI ABA & Design | 2,007,887 | (**Int. Cl. 9**) Prerecorded Audio Tapes And Video Tapes Featuring Various Legal Subjects  (**Int. Cl. 16**) Publications, Namely, Books On Legal Topics; Series Of Books Concerning Legal Topics And Supplements Thereof; Magazines And Annual Reports In The Legal Field  (**Int. Cl. 38**) Satellite Transmissions Of Continuing Legal Education Programs And Related Events  (**Int. Cl. 41**) Educational Services, Namely, Conducting Courses Of Study, Workshops, Programs, Seminars, Continuing Legal Education Classes And Conferences On Various Legal Subjects |
| H |   ALI THE AMERICAN LAW INSTITUTE & Design | 3,869,192 | (**Int. Cl. 9**) Downloadable Electronic Publications, Namely, Newsletters And Books Concerning Various Legal Topics  (**Int. Cl. 16**) A Series Of Books Relating To Legal Topics; Newsletters Concerning Legal Affairs  (**Int. Cl. 45**) Providing Online information In The Field Of Legal Topics |

13.    Plaintiff owns all right, title and interest in and to federal Registration No.

1,211,053 for the trademark AMERICAN LAW INSTITUTE, issued on the Principal Register of

the United States Patent and Trademark Office on September 28, 1982 for the goods and services identified in the preceding table. A copy of this registration is attached hereto as Exhibit A. The aforementioned registration is valid, subsisting, uncancelled and unrevoked. By virtue of Plaintiff's continuous use of the mark which is the subject of Registration No. 1,211,053, such mark has become incontestable pursuant to 15 U.S.C. §1065.

      14.     Plaintiff owns all right, title and interest in and to federal Registration No. 1,273,451 for the trademark AMERICAN LAW INSTITUTE, issued on the Principal Register of the United States Patent and Trademark Office on April 10, 1984 for the goods and services identified in the preceding table. A copy of this registration is attached hereto as Exhibit B. The aforementioned registration is valid, subsisting, uncancelled and unrevoked. By virtue of Plaintiff's continuous use of the mark which is the subject of Registration No. 1,273,451, such mark has become incontestable pursuant to 15 U.S.C. §1065.

      15.     Plaintiff owns all right, title and interest in and to federal Registration No. 1,189,267 for the trademark ALI, issued on the Principal Register of the United States Patent and Trademark Office on February 9, 1982 for the goods and services identified in the preceding table. A copy of this registration is attached hereto as Exhibit C. The aforementioned registration is valid, subsisting, uncancelled and unrevoked. By virtue of Plaintiff's continuous use of the mark which is the subject of Registration No. 1,189,267, such mark has become incontestable pursuant to 15 U.S.C. §1065.

      16.     Plaintiff owns all right, title and interest in and to federal Registration No. 1,219,442 for the trademark THE ALI-ABA VIDEO LAW REVIEW, issued on the Principal Register of the United States Patent and Trademark Office on December 7, 1982 for the goods and services identified in the preceding table. A copy of this registration is attached hereto as Exhibit D. The aforementioned registration is valid, subsisting, uncancelled and unrevoked. By

- 5 -

virtue of Plaintiff's continuous use of the mark which is the subject of Registration No. 1,219,442, such mark has become incontestable pursuant to 15 U.S.C. §1065.

17.     Plaintiff owns all right, title and interest in and to federal Registration No. 1,180,131 for the trademark A.L.I. & Design, issued on the Principal Register of the United States Patent and Trademark Office on December 1, 1981 for the goods and services identified in the preceding table. A copy of this registration is attached hereto as Exhibit E. The aforementioned registration is valid, subsisting, uncancelled and unrevoked. By virtue of Plaintiff's continuous use of the mark which is the subject of Registration No. 1,180,131, such mark has become incontestable pursuant to 15 U.S.C. §1065.

18.     Plaintiff owns all right, title and interest in and to federal Registration No. 1,204,132 for the trademark AMERICAN LAW INSTITUTE ALI & Design, issued on the Principal Register of the United States Patent and Trademark Office on August 3, 1982 for the goods and services identified in the preceding table. A copy of this registration is attached hereto as Exhibit F. The aforementioned registration is valid, subsisting, uncancelled and unrevoked. By virtue of Plaintiff's continuous use of the mark which is the subject of Registration No. 1,204,132, such mark has become incontestable pursuant to 15 U.S.C. §1065.

19.     Plaintiff owns all right, title and interest in and to federal Registration No. 2,007,887 for the trademark ALI ABA & Design, issued on the Principal Register of the United States Patent and Trademark Office on October 15, 1996 for the goods and services identified in the preceding table. A copy of this registration is attached hereto as Exhibit G. The aforementioned registration is valid, subsisting, uncancelled and unrevoked. By virtue of Plaintiff's continuous use of the mark which is the subject of Registration No. 2,007,887, such mark has become incontestable pursuant to 15 U.S.C. §1065.

- 6 -

20.     Plaintiff owns all right, title and interest in and to federal Registration No. 3,869,192 for the trademark ALI THE AMERICAN LAW INSTITUTE & Design, issued on the Principal Register of the United States Patent and Trademark Office on November 2, 2010 for the goods and services identified in the preceding table. A copy of this registration is attached hereto as Exhibit H.  The aforementioned registration is valid, subsisting, uncancelled and unrevoked.

21.     Since at least as early as 1923, long prior to Defendant's actions complained of herein, Plaintiff has extensively advertised, promoted and sold its goods and services throughout the United States, including Pennsylvania, under Plaintiff's AMERICAN LAW INSTITUTE marks.

22.     As a result of Plaintiff's aforementioned sales, advertising and promotion, and the high quality of its products and services, Plaintiff's AMERICAN LAW INSTITUTE marks have become well-known throughout the United States, including in the Commonwealth of Pennsylvania, and said AMERICAN LAW INSTITUTE marks have come to signify a significant part of Plaintiff's business; Plaintiff now owns a valuable goodwill, which is symbolized by and embodied in AMERICAN LAW INSTITUTE marks.

23.     Defendant holds itself out as a for-profit, online, but unaccredited "law school." According to Defendant's website, www.lawinstitute.com, Defendant's curriculum is "being completely delivered online."  *See* Exhibit I, attached hereto (a screen capture of a page from Defendant's website).

24.     According to Defendant's website, Defendant's services were launched "in late 2010." *Id.*

- 7 -

25.     On Defendant's website at www.lawinstitute.com, Defendant uses a design mark and word mark wholly incorporating the name "American Institute of Law." These marks are used to market Defendant's goods and services.

26.     Defendant's "American Institute of Law" marks are confusingly similar in sound, appearance, and connotation to Plaintiff's AMERICAN LAW INSTITUTE marks. Plaintiff's and Defendant's respective goods and services are also similar in that they both involve provisions of legal education.

27.     By trading upon the goodwill of Plaintiff's AMERICAN LAW INSTITUTE marks, Defendant's goods and services have obtained a salability and/or obtained a profitability they would not have otherwise had.

**COUNT I**
**STATUTORY TRADEMARK INFRINGEMENT**

28.     The allegations of paragraphs 1-27 above are incorporated herein by reference as though fully set forth herein.

29.     This is a cause of action for federal trademark infringement arising under §32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

30.     Plaintiff's federally registered marks referenced in paragraph 12 hereof and shown in Exhibits A-H hereto, are valid, subsisting, uncancelled, and unrevoked. Plaintiff's federally registered marks, Exhibits A-G, are incontestable.

31.     Plaintiff has continuously used its federally registered marks (Exhibits A-H hereto) on and in connection with its legal education goods and services, and has promoted in interstate commerce its federally registered marks (Exhibits A-H hereto) since the dates indicated on the face of the registrations. Plaintiff's continuous use and promotion of its federally

registered marks (Exhibits A-H hereto) in interstate commerce has been long prior to the acts of Defendant complained of herein.

32.     Defendant has used and is using its "American Institute of Law" word mark and its "American Institute of Law" design mark on or in connection with online legal education materials, which marks are confusingly similar to Plaintiff's federally registered marks (Exhibits A- H hereto), without Plaintiff's permission. Defendant's use of these marks, without Plaintiff's permission constitutes an infringement of Plaintiff's federally registered marks (Exhibits A- H hereto).

33.     Defendant's advertising, promotion and sale of products and services using marks so similar to Plaintiff's federally registered marks (Exhibits A- H hereto) is certain to cause confusion in the marketplace.

34.     Upon information and belief, Defendant's acts were and are intended and are likely to cause confusion, mistake or deception as to the source of origin, sponsorship or approval of the products and/or services marketed by Defendant using marks which are confusingly similar to Plaintiff's federally registered marks (Exhibits A-H hereto), in that customers or others are likely to mistakenly believe that Defendant's goods and services are rendered by or under the sponsorship of or in affiliation with Plaintiff.

35.     Defendant's goods and services are rendered through the same channels of trade (*e.g,* the Internet) to the same end customers (*e.g.,* consumers of legal education) as those rendered by the Plaintiff.

36.     Plaintiff has no control over Defendant's goods and services which feature confusingly similar imitations of Plaintiff's federally registered marks (Exhibits A-H hereto), with the result that Plaintiff's valuable goodwill with respect to its marks is irreparably damaged by Defendant's acts complained of herein.

- 9 -

37.     On information and belief, Defendant will continue to infringe the rights secured to Plaintiff by Plaintiff's federal trademark registrations (Exhibits A-H hereto) unless restrained by this Court.

38.     As a result of said trademark infringement by Defendant, Plaintiff has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

## COUNT II
## STATE TRADEMARK INFRINGEMENT CLAIM

39.     The allegations of paragraphs 1 through 38 are incorporated herein by reference as though fully set forth herein.

40.     The cause of action arises under the statutory and common law of the Commonwealth of Pennsylvania.

41.     Defendant's aforementioned conduct, in adopting and using marks which are confusingly similar to Plaintiff's AMERICAN LAW INSTITUTE marks, has infringed and is infringing upon Plaintiff's rights in those marks.

42.     Defendant's aforementioned conduct constitutes common law trademark infringement.

43.     As a result of said infringement, Plaintiff has suffered and continues to suffer serious and substantial injury, including irreparable injury, for which it has no remedy at law.

## COUNT III
## DILUTION

44.     The allegations of paragraphs 1 through 43 are incorporated herein by reference as though fully set forth herein.

45.     This cause of action arises under the state laws of dilution of the Commonwealth of Pennsylvania and under the Lanham Act, 15 U.S.C. § 1125(c).

- 10 -

46.     By the acts complained of herein, Defendant has been able to pass off its products as rendered by, or under license from, or under sponsorship and control of Plaintiff.

47.     Plaintiff's AMERICAN LAW INSTITUTE marks, as emulated and used by Plaintiff, are distinctive for legal education goods and services. Plaintiff's AMERICAN LAW INSTITUTE marks are buttressed by nearly a *century* of use and promotion by Plaintiff of its AMERICAN LAW INSTITUTE marks and the high quality of Plaintiff's products. As a result of this long and respected use and promotion of the marks AMERICAN LAW INSTITUTE by Plaintiff, such marks have become famous.

48.     Defendant has diluted Plaintiff's valuable rights in and to Plaintiff's AMERICAN LAW INSTITUTE marks, as emulated and used by Defendant, by weakening the quality significance of the AMERICAN LAW INSTITUTE marks as well as tarnishing the affirmative association with Plaintiff as conveyed by Defendant's "American Institute of Law" word and design marks.

49.     Plaintiff has no control over the quality of the merchandise and services rendered by Defendant, with the result that the valuable goodwill established by Plaintiff in Plaintiff's AMERICAN LAW INSTITUTE marks is being irreparably damaged by the acts complained of herein.

50.     Upon information and belief, Defendant will continue to dilute AMERICAN LAW INSTITUTE marks unless restrained by this Court.

51.     Upon information and belief, Defendant's acts which are complained of herein were willfully intended to trade upon Plaintiff's reputation and caused dilution of Plaintiff's marks.

- 11 -

52.     Plaintiff has suffered serious and substantial injury as a result of such dilution, and has suffered and is continuing to suffer irreparable injury for which it has no adequate remedy at law.

## COUNT IV
## FEDERAL UNFAIR COMPETITION

53.     The allegations of paragraphs 1-52 are incorporated herein by reference as though fully set forth therein.

54.     This cause of action for unfair competition arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

55.     Defendant's "American Institute of Law" marks are confusingly similar in sound, appearance, and connotation to Plaintiff's AMERICAN LAW INSTITUTE marks.  Plaintiff's and Defendant's respective goods and services are also similar in that they both involve provisions of legal education.

56.     Defendant's actions were and are intended and are likely to cause confusion, mistake or deception as to the source of origin, sponsorship or approval of Defendant's goods and services, in that purchasers or others are possibly and likely to believe that Defendant's online legal education services are associated with Plaintiff's legal education goods and services, or that the American Institute of Law "law school" is legitimately connected with or related to Plaintiff.

57.     In light of the similarity of Defendant's and Plaintiff's products, Defendant's "American Institute of Law" marks, as set forth above, are confusingly similar to Plaintiff's AMERICAN LAW INSTITUTE marks.  Defendant's use of the "American Institute of Law" marks in connection with legal education services is likely to cause confusion, or to cause mistake or to deceive members of the public and trade, and infringe upon the rights secured by Plaintiff for Plaintiff's AMERICAN LAW INSTITUTE marks.

- 12 -

58.      Plaintiff has no control over the quality of products sold and services rendered, promoted, advertised or sold by Defendant, with the result that Plaintiff's valuable goodwill with respect to Plaintiff's AMERICAN LAW INSTITUTE marks is irreparably injured by Defendant's acts complained of herein.

59.      Defendant's aforesaid actions constitute unfair competition in violation of 15 U.S.C. § 1125(a).

60.      As a result of said trademark infringement, Plaintiff has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

**COUNT V**
**STATE UNFAIR COMPETITION CLAIM**

61.      The allegations of paragraphs 1 through 60 are incorporated herein by reference as though fully set forth herein.

62.      This cause of action arises under the statutory and common law of the Commonwealth of Pennsylvania.

63.      By the acts and activities complained of herein, Defendant is in a position to pass off its products as products produced by, or under license from, or with the approval of Plaintiff.

64.      Defendant's aforementioned conduct constitutes unfair competition.

65.      By means and as a result of said unfair competition, Plaintiff has suffered and continues to suffer serious and substantial injury, including irreparable injury for which it has no adequate remedy at law.

**COUNT VI**
**UNFAIR OR DECEPTIVE ACTS OR PRACTICES IN VIOLATION OF**
**PENNSYLVANIA'S "UNFAIR TRADE PRACTICES**
**AND CONSUMER PROTECTION LAW"**

66.      The allegations of paragraphs 1 through 65 are incorporated herein by reference.

67.      This cause of action arises under Pennsylvania statutory law.

- 13 -

68.     By the acts and activities complained of herein, Defendant has committed unfair or deceptive acts in violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, codified at 73 P.S. § 201-1 *et seq.*

69.     As a result of Defendant's unfair or deceptive acts or practices, Plaintiff has suffered, and is continuing to suffer, irreparable injury, and has incurred, and is continuing to incur, monetary damage in an amount to be determined.

70.     Defendant's unfair or deceptive acts or practices complained of herein are likely to continue unabated unless and until Defendant is enjoined and restrained by this Court.

## COUNT VII
## UNJUST ENRICHMENT

71.     The allegations of paragraphs 1 through 70 are incorporated herein by reference.

72.     The cause of action arises under the common law.

73.     By the acts and activities complained of herein, Defendant has been unjustly enriched.

## COUNT VIII
## ANTICYBERSQUATTING

74.     The allegations of paragraphs 1 through 73 are incorporated herein by reference.

75.     This cause of action arises under the Anticybersquatting Consumer Protection Act, 15 U.S.C. §1125(d).

76.     Plaintiff's AMERICAN LAW INSTITUTE marks and its domain names, www.ali.org and www.ali-aba.org, are distinctive and famous.

77.     Upon information and belief, Defendant has registered a domain name, www.lawinstitute.com, which is confusingly similar to Plaintiff's AMERICAN LAW INSTITUTE marks.

- 14 -

78.     By the acts and activities complained of herein, Defendant has a bad faith intent to profit from its registration of the domain, www.lawinstitute.com.

79.     By the acts and activities complained of herein, Defendant has committed acts in violation of 15 U.S.C. §1125(d).

80.     Plaintiff has suffered serious and substantial injury as a result of such acts and has suffered and is continuing to suffer irreparable injury for which it has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief against Defendant as follows:

81.     That Defendant, its partners, agents, representatives, servants, employees, associates, attorneys, successors and assigns, and any and all persons or entities acting by, through, under or in active concert or in participation with any or all of them, be enjoined first preliminarily during the pendency of this action and thereafter permanently by Order of this Court from doing, abiding causing or abetting any of the following:

> a.   directly or indirectly infringing Plaintiff's AMERICAN LAW INSTITUTE marks;
>
> b.   passing off, inducing or enabling others to sell or pass off any products or services as or for products or services rendered by Plaintiff, which are not Plaintiff's or are not rendered by or under the control or supervision of Plaintiff and approved by Plaintiff;
>
> c.   directly or indirectly engaging in any acts or activities calculated to trade upon and/or tarnish Plaintiff's AMERICAN LAW INSTITUTE marks or the reputation or goodwill of Plaintiff, or in any manner to compete with Plaintiff unfairly;

- 15 -

d.  using in the sale, offering for sale, promotion, advertising, marketing and/or distribution of its products or services the "American Institute of Law" word and design marks and the domain name, www.lawinstitute.com, or any mark, trade name or domain name which includes the combined words AMERICAN and LAW and INSTITUTE, or any mark, trade name or domain name which simulates or imitates or is confusingly similar to Plaintiff's AMERICAN LAW INSTITUTE marks in such a manner as to deceive, or to falsely describe or represent the source of the services or otherwise create confusion upon the purchasing public or the trade;

e.  further diluting and violating Plaintiff's property rights and goodwill; and

f.  otherwise competing unfairly with Plaintiff in any manner whatsoever.

82.     That Defendant take all necessary and appropriate steps to recall for destruction all advertising and other materials, including but not limiting to websites and promotional materials bearing the "American Institute of Law" word and design marks.

83.     That Defendant take all necessary and appropriate steps to remove all advertising and other materials from its website (www.lawinstitute.com) bearing the "American Institute of Law" word and design marks.

84.     That Defendant take all necessary and appropriate steps to cease using the www.lawinstitute.com domain name and to transfer said domain name to Plaintiff.

85.     That Defendant be required to pay over to Plaintiff all profits realized from its unlawful acts complained of herein.

86.     That Defendant be required to pay over to Plaintiff all damage suffered by Plaintiff as a result of Defendant's acts herein complained of, and that such damages be trebled.

- 16 -

87.     That Plaintiff be awarded punitive damages for the willful and wanton acts of

unfair competition and other unlawful injurious acts of Defendant complained of herein.

88.     That Plaintiff be awarded its reasonable attorney's fees and the costs of this

action.

89.     That Plaintiff be awarded such other and further relief as the Court may deem just

and proper.

Respectfully submitted,

Date: May 11, 2011

Nancy Rubner Frandsen (PA I.D. No. 46497)
WOODCOCK WASHBURN LLP
Cira Centre
2929 Arch Street, 12th Floor
Philadelphia, PA  19104-2891
Telephone: (215) 568-3100
Facsimile:  (215) 568-3439

Attorneys for Plaintiff American Law Institute

- 17 -

Exhibit "A"

**Prior U.S. Cl.: 200**

**Reg. No. 1,211,053**

## United States Patent and Trademark Office

Registered Sep. 28, 1982

## COLLECTIVE MEMBERSHIP
### Principal Register

## AMERICAN LAW INSTITUTE

American Law Institute (District of Columbia corporation)
4025 Chestnut St.
Philadelphia, Pa. 19104

For: TO INDICATE MEMBERSHIP IN AN ASSOCIATION OF LAWYERS, (U.S. Cl. 200).

First use Feb. 23, 1923; in commerce Feb. 23, 1923.

Applicant disclaims "Law Institute" apart from the mark as shown without waiving any of its common law rights therein.

Sec. 2(f).

Ser. No. 259,042, filed Apr. 21, 1980.

DAVID A. HERDMAN, Primary Examiner

Exhibit "B"

Int. Cls.: 16 and 41

Prior U.S. Cls.: 38 and 107

Reg. No. 1,273,451

## United States Patent and Trademark Office
Registered Apr. 10, 1984

## TRADEMARK
## SERVICE MARK
### Principal Register

## AMERICAN LAW INSTITUTE

American Law Institute (District of Columbia corporation)
4025 Chestnut St.
Philadelphia, Pa. 19104

    For: SERIES OF BOOKS ON LEGAL TOPICS, in CLASS 16 (U.S. Cl. 38).
    First use 1926; in commerce 1926.
    For: CONDUCTING CONFERENCES, WORK-SHOPS AND PROGRAMS IN THE FIELD OF

LAW, in CLASS 41 (U.S. Cl. 107).
    First use 1926; in commerce 1926.
    Sec. 2(f).

    Ser. No. 258,172, filed Apr. 14, 1980.

HENRY S. ZAK, Examining Attorney

Exhibit "C"

Int. Cls.: 16 and 41

Prior U.S. Cls.: 38 and 107

**United States Patent and Trademark Office**

Reg. No. 1,189,267
Registered Feb. 9, 1982

## TRADEMARK
## SERVICE MARK
### Principal Register

## ALI

American Law Institute (District of Columbia corporation)
4025 Chestnut St.
Philadelphia, Pa. 19104

For: PUBLICATIONS—NAMELY, MAGA-ZINES AND ANNUAL REPORTS IN THE LE-GAL FIELD, in CLASS 16 (U.S. Cl. 38).
First use 1932; in commerce 1932.
For: EDUCATIONAL SERVICES—NAMELY, CONDUCTING COURSES OF STUDY, SEMI-NARS AND CONFERENCES IN THE LEGAL FIELD, in CLASS 41 (U.S. Cl. 107).
First use 1948; in commerce 1948.

Ser. No. 258,177, filed Apr. 14, 1980.

J. H. WEBB, Primary Examiner

Exhibit "D"



Int. Cl.: 41

Prior U.S. Cl.: 107

**United States Patent and Trademark Office**

Reg. No. 1,219,442
Registered Dec. 7, 1982

## SERVICE MARK
### Principal Register

## THE ALI-ABA VIDEO LAW REVIEW

American Law Institute (District of Columbia corporation)
4025 Chestnut St.
Philadelphia, Pa. 19104

For: EDUCATIONAL SERVICES—NAMELY, CONDUCTING CLASSES IN CONTINUING LEGAL EDUCATION, in CLASS 41 (U.S. Cl. 107).

First use Feb. 17, 1981; in commerce Feb. 27, 1981.

Applicant disclaims the words "Video" "Law" and "Review" apart from the mark as shown without waiving any of its common law rights therein.

Ser. No. 304,724, filed Apr. 7, 1981.

RUSS HERMAN, Examining Attorney

Exhibit "E"

Int. Cl.: 16

Prior U.S. Cl.: 38

**Reg. No. 1,180,131**

## United States Patent and Trademark Office

Registered Dec. 1, 1981

### TRADEMARK
**Principal Register**



American Law Institute (D.C. corporation)
4025 Chestnut St.
Philadelphia, Pa. 19104

For: SERIES OF BOOKS CONCERNING LE-
GAL TOPICS, in CLASS 16 (U.S. Cl. 38).
First use 1932; in commerce 1932.

Ser. No. 258,173, filed Apr. 14, 1980.

J. H. WEBB, Primary Examiner

JOSEPH DIAMANTE, Examiner

Exhibit "F"

Prior U.S. Cl.: 200

**Reg. No. 1,204,132**

## United States Patent and Trademark Office

Registered Aug. 3, 1982

## COLLECTIVE MEMBERSHIP
### Principal Register



American Law Institute (District of Columbia corporation)
4025 Chestnut St.
Philadelphia, Pa. 19104

For: TO INDICATE MEMBERSHIP BY LAWYERS IN A PROFESSIONAL SOCIETY, (U.S. Cl. 200).
First use 1932; in commerce 1932.

Sec. 2(f) as to "American Law Institute".

Ser. No. 261,753, filed May 12, 1980.

B. H. VERTIZ, Primary Examiner

CHERYL LYNNE HENDERSON, Examiner

Exhibit "G"

Int. Cls.: 9, 16, 38 and 41

Prior U.S. Cls.: 2, 5, 21, 22, 23, 26, 29, 36, 37, 38, 50, 100, 101, 104 and 107

**Reg. No. 2,007,887**

## United States Patent and Trademark Office

Registered Oct. 15, 1996

## TRADEMARK
## SERVICE MARK
### PRINCIPAL REGISTER



AMERICAN LAW INSTITUTE (D.C. CORPORA-TION)
4025 CHESTNUT STREET
PHILADELPHIA, PA 19104

FOR: PRERECORDED AUDIO TAPES AND VIDEO TAPES FEATURING VARIOUS LEGAL SUBJECTS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 11–11–1971; IN COMMERCE 11–11–1971.

FOR: PUBLICATIONS, NAMELY, BOOKS ON LEGAL TOPICS; SERIES OF BOOKS CONCERNING LEGAL TOPICS AND SUPPLEMENTS THEREOF; MAGAZINES AND ANNUAL REPORTS IN THE LEGAL FIELD, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 11–0–1963; IN COMMERCE 11–0–1963.

FOR: SATELLITE TRANSMISSIONS OF CONTINUING LEGAL EDUCATION PROGRAMS AND RELATED EVENTS, IN CLASS 38 (U.S. CLS. 100, 101 AND 104).

FIRST USE 1–0–1981; IN COMMERCE 1–0–1981.

FOR: EDUCATIONAL SERVICES, NAMELY, CONDUCTING COURSES OF STUDY, WORKSHOPS, PROGRAMS, SEMINARS, CONTINUING LEGAL EDUCATION CLASSES AND CONFERENCES ON VARIOUS LEGAL SUBJECTS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 11–0–1963; IN COMMERCE 11–0–1963.

2,007,887

OWNER OF U.S. REG. NOS. 1,180,131, 1,219,442 AND OTHERS.

SER. NO. 74–695,955, FILED 6–30–1995.

MARTHA SANTOMARTINO, EXAMINING AT-TORNEY

Exhibit "H"

# United States of America

## United States Patent and Trademark Office



**ALI**

THE AMERICAN LAW INSTITUTE

**Reg. No. 3,869,192**

**Registered Nov. 2, 2010**

**Int. Cls.: 9, 16 and 45**

**TRADEMARK**

**SERVICE MARK**

**PRINCIPAL REGISTER**

AMERICAN LAW INSTITUTE (D.C. CORPORATION)
4025 CHESTNUT STREET
PHILADELPHIA, PA 191043099

FOR: DOWNLOADABLE ELECTRONIC PUBLICATIONS, NAMELY, NEWSLETTERS AND BOOKS CONCERNING VARIOUS LEGAL TOPICS , IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 2-17-2009; IN COMMERCE 2-17-2009.

FOR: A SERIES OF BOOKS RELATING TO LEGAL TOPICS; NEWSLETTERS CONCERNING LEGAL AFFAIRS, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 2-17-2009; IN COMMERCE 2-17-2009.

FOR: PROVIDING ONLINE INFORMATION IN THE FIELD OF LEGAL TOPICS, IN CLASS 45 (U.S. CLS. 100 AND 101).

FIRST USE 7-15-2009; IN COMMERCE 7-15-2009.

OWNER OF U.S. REG. NOS. 1,180,131, 1,273,451 AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "INSTITUTE", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF THE LETTERS "ALI" WITH THE DEPICTION OF A TORCH ABOVE THE LETTER L AND THE WORDING "THE AMERICAN LAW INSTITUTE".

SEC. 2(F) AS TO "AMERICAN LAW INSTITUTE".

SER. NO. 77-810,249, FILED 8-21-2009.

VERNA BETH RIRIE, EXAMINING ATTORNEY

*David J. Kappos*

Director of the United States Patent and Trademark Office

Exhibit "I"



American
Institute of Law

Student Login

**Call Us:**
1-888-875-5175

HOME    ABOUT US    PROSPECTIVE STUDENTS    CURRENT STUDENTS    FACULTY    ALUMNI    RESOURCES

CONTACT US



**History**

**STUDENT SERVICES**

Apply Now
Why AIL
Tuition & Expenses
Disclosures
AIL Course Catalog
Disclaimer
Contact Request

In late 2009, the founder of AIL had a vision to build an online law school with distinctive technology and institutional spirit of excellence. Knowing that online law schools need to be reformed in technology, administrative matters and the methodology of online classes, the founder brought his savvy tech skills and business sense to be able to deliver a phenomenal program to students at low affordable cost. The founder asked numerous times what will make us different and the answer was simple; provide a business-oriented curriculum, respect the students, hire quality professors that care about the students, provide a cost effective program and invest in knowledge which will help transform lives.

The Founder started on his journey to build an exceptional team  and  recruited Jeremy Miller, founding Dean of Chapman University an ABA Accredited Law School to be Dean of AIL and to ensure that the quality of education would be comparable to ABA Accredited Law Schools.  After recruiting the Dean, both the Dean and the founder were on a mission to recruit quality Professors.  It was not surprising or alarming that the Dean of AIL was able to recruit distinguished professors and faculty members, which consisted of successful attorneys, judges and commissioners.

With the program being completely delivered online, the founder spent a great amount of time, energy and money to help build a proprietary online system (AIL Dashboard), that would deliver exams, homework, grades, announcements, internal and external communications, Live online classes, chat sessions and provide faculty and student interaction.  The system took over a year to test and perfect and was launched in late 2010. The founder does not plan to stop there, he has already implemented phase two that will challenge other law schools and online schools to raise their standards.

In late 2010, AIL submitted an application to the State Bar of California and in 2011 was registered with the State Bar of California as a Distant Learning Law School.

**REQUEST FREE INFO**

Name :

Email :

Phone :

Submit

AIL Helpline | FAQ | Careers | Legal Notices | Site Map

Copyright © American Institute of Law. All rights reserved